■ STEPHEN L. KRYSCUK, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Proceeding to review respondent's determination, dated April 26, 1972 and made after a hearing, which revoked petitioner's motor vehicle operator's license as of April 13, 1972 for refusal to submit to a chemical test to determine the alcoholic content of petitioner's blood on May 27, 1971. Proceeding dismissed on the merits and respondent's determination confirmed, without costs. On the record presented, it is our opinion that there was substantial evidence to support the hearing Referee's finding that petitioner was properly arrested, that he was requested to submit to the chemical test of his blood and that he was properly warned of the penalty for refusal to take the test, but refused to take it. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.

■ GEORGE T. MAY et al., Respondents, v. JOSEPH B. BERRETTA, Appellant. — In a negligence action to recover damages for personal injuries, medical expenses and loss of services, defendant appeals from a judgment of the Supreme Court, Dutchess County, entered March 13, 1973, in favor of plaintiffs, upon a jury verdict. Judgment reversed, on the law and the facts, and new trial granted on the issue of damages only, with costs to abide the event. In the light of a hiatus of more than two years between the injury to plaintiff Doris B. May and a subsequently discovered condition which revealed a congenital anomaly requiring extensive surgery, we find the evidence insufficient to establish a causal relationship between the accident and the subsequently discovered condition, and inadequate to support the damages reflected in the jury's verdict. A new trial is required to elicit more adequate medical evidence as to causation and damage. Munder, Acting P. J., Martuscello, Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to affirm, with the following memorandum: In my opinion, there was no reversible error committed at the trial and the jury's verdict of $70,000 to the plaintiff wife and $50,000, reduced by the trial court to $25,000, to the plaintiff husband, was not excessive, particularly since defendant offered no medical testimony. The basic question in this trial was the causal connection between the injury claimed by the plaintiff wife and the accident in issue, involving the collision of two automobiles. It is clear that defendant's car crossed the center line of the highway and ran into the vehicle operated by the plaintiff wife. For that reason, the majority of this court is limiting the new trial to the issue of damages only. In my view, the jury's verdict competently disposed of the issue of damages, as well as the basic questions of negligence and contributory negligence. Under the circumstances, I do not believe that this court should set itself up as a superjury and reassess the damages awarded.